IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**JOHN DOE**                                                                               **PETITIONER**

**v.**                                                                         **No. 1:20CV113-MPM-DAS**

**STATE OF MISSISSIPPI**                                                    **RESPONDENT**

**ORDER *GRANTING* PETITIONER'S MOTION
TO PROCEED UNDER A PSEUDONYM**

This matter comes before the court on the petitioner's motion to proceed in this case under a pseudonym. The case at bar involves allegations regarding the petitioner's sensitive medical information. The Federal Rules of Civil Procedure do not make provision for anonymous plaintiffs: "The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties." Fed. R. Civ. P. 10(a). In certain circumstances, however, courts have allowed litigants to use fictitious names:

> [W]here the issues involved are matters of a sensitive and highly personal nature, such as birth control, abortion, homosexuality or the welfare rights of illegitimate children or abandoned families, the normal practice of disclosing the parties' identities yields to a policy of protecting privacy in a very private matter.

*S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712 (5th Cir. 1979) (internal quotations and citations omitted).

In the Fifth Circuit, a court must consider three factors to determine if a party may proceed anonymously:

> (1) parties seeking anonymity were suing to challenge governmental activity;
>
> (2) prosecution of the suit compelled parties to disclose information "of the utmost intimacy;" and
>
> (3) parties were compelled to admit their intention to engage in illegal conduct, thereby risking criminal prosecution.

*Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981). In this case, the petitioner is challenging government activity, and his criminal case involves the disclosure of sensitive medical information. Thus, the petitioner meets the first two factors. He does not meet the third factor; however, the test for anonymity is not a rigid one. Also, the petitioner alleges that he has previously faced embarrassment, ridicule, and threats of violence based upon disclosure of his medical information.

On the other hand, the petitioner has included state court documents containing his name and the sensitive information he seeks to shield from public view. Thus, to some degree, the information is in the public domain. His primary fear, however, is that other inmates have electronic access to federal cases, and a simple computer search in a federal case database may reveal the information. This danger does not exist as to the information in his state prosecution.

For these reasons, the plaintiff's motion [2] to proceed under a pseudonym is **GRANTED. The Clerk of the Court is DIRECTED to alter the docket to reflect the plaintiff's name as "John Doe." In addition, the court and parties will refer to the plaintiff from this point forward in the proceedings as "John Doe."**

**SO ORDERED**, this, the 5th day of June, 2020.

/s/   David A. Sanders
UNITED STATES MAGISTRATE JUDGE